UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MARK BASNIGHT
Plantiff,
v.
FEDERAL BUREAU OF PRISONS
et. al. Defendants

CIVIL ACTION No.
3:25-CV-00919
(SAPORITO, J.)

FILED
SCRANTON
SEP 08 2025
PER DJ
DEPUTY CLERK

# AMENDING COMPLAINT

Under Rule 15(a), Fed. R. Civ. P. amend complaint "as a matter of course" Now comes the Plaintiff Mark Basnight who is proceeding prose, whom respectfully request that this Honorable Judge accept this amended complaint for preliminary injunction where as defendants or their agents continue to deny Plaintiff access to the MAT Program and it's treatment. Defendants continue to violate the Plaintiffs civil rights/constitutional rights and delay treatment for non-medical reasons to his disease, disability, and very serious life threatening circumstances. Roman v. Cnty. of Chester, No. 23-cv-4032-KSM, 2024 WL 2136010, at *17 (E.D. Pa. May 13, 2024) (permitting claim where plaintiff "alleged that he suffers from opioid use disorder and has been intentionally excluded from participation in the MAT program or provided an acceptable alternative treatment") The plaintiff is suffering from OUD and is intentionally excluded here at FCI Allenwood by staff to participate in the MAT Program with no option for any other type of treatment.

The plaintiff states facts that are directly from the FBOP's policy, immate resource pamplets, FBOP Newsletter, DOJ Press Releases, Clinical guidlines manual for OUD from the FBOP. All the information is factual and not the plaintiff's opinion(s). All of it is directly related to MAT = Medication-Assisted Treatment, OUD = Opioid Use Disorder, MOUD = Medication for Opiod Use Disorder, OTP = Opioid Treatment Program. Information is also provided by local Health Services and Psychology department. The National Institute on Drug Abuse (NIDA) clearly states people who suffer from or with OUD that are not treated with MAT have a seriously high risk of overdosing and dieing with out treatment. Overdose death is the biggest reason people die after they leave prison. MAT should begin at the earliest opportunity for all people that need or seek treatment. FBOP states "Fact or Myth: MAT is a treatment just for you. FACT. MAT is a treatment that is made just for you. Your needs and situation are important, so the medicines, counseling, and therapy are personalized for you. The treatment plan is checked and changed as needed to make sure it's helping you the best way possible." FBOP states "FACT or MYTH: MAT is a quick fix. MYTH. MAT is not a quick fix or a cure for OUD. It is a treatment that takes time and effort. You have to be committed and take part in counseling and therapy too. They are important to help you learn new skills, handle stress, and build a good support system. MAT is a long-term plan to help you stay better." The FBOP clearly states: How to get MAT: If you are having trouble with drugs while you are in prison or think you need MAT, please let Psychology Services or Health Services Know. The BOP wants to help you on this journey." Use of MOUD (medication for opioid use disorder) is a way to treat a substance use

disorder by using medication along with counseling, therapy, and other services to treat the "whole person". MOUD has proven and shown to minimize relapse, cravings, reduce the risk of overdose, and facilitate recovery. MOUD also decrease's criminal activity, death, and illegal drug sale in communities. The FBOP Clinical Guidance Manual for diagnosis, evaluation, and treatment states all these facts and so many more that prove the plaintiff should be being treated but is being refused treatment or participation in a federal program. The Plaintiff Mark Basnight described his symptoms as unbearable, overwhelming, painful, unsupportable, and unable to maintain any type of routine. The plaintiff is suffering irreparable harm in the form of continued daily severe opiod cravings, pain, cramping, sweats, chills runny nose, runny watering eyes, gastric issues, nightmares, panic attacks, social isolation, depression, mood swings, anger, hopeless feelings all from being excluded from treatment of the MAT Program. The plaintiff also suffers daily psychological issues related directly to his OUD not being medicated. His physical symptoms are debilitating and at times unbearable leaving plaintiff unable to participate in programs, classes, religous programs, and even unable to walk to the chow hall to eat meals. Mark is unable to focus or pay attention on a comprehensible level in classes, during programming, or listening to speakers when they make visits. He suffers all of these things from not receiving medication to deal with his disability from the FBOP. He suffers from brain fog, confusion, and loses track of time

easily. All of these symptoms are proven to be known OUD symptoms which can easily be treated and relieved by medication and treatment (MAT Program). Current FDA-approved medications for OUD include methadone, buprenorphine, and naltrexone. They offer Buprenorphine oral and Buprenorphine long acting injection and Naltrexone in the same manner (form). In all cases the decision is a collaborative one between the patient and provider, which is also effected with expectations of their treatment plan and following of the MAT agreement. Dr. Bushman does not give this option or choice. He does what he thinks is best practice for the security of the prison and limiting the number of prisoners on Buprenorphine (Suboxone). This is deliberate indifference and not based on medical reasoning. The FBOP Clinical Guide states several times the choice of medication for MAT patients is their's after speaking with the doctor regarding the benefits and risk. Regardless of proving anything, when the plaintiff is treated appropriately with Buprenorphine he is able to function he is able to participate in society/community, he is able to focu feels healthy, he can do things without battling the cravings of OUD, he's free of pain and suffering caused by OUD, he can have back his normal state of mind because of the medication restoring balance in his brain as well as chemical levels. These are the exact reasons why the FDA and medical doctors - agencie use Buprenorphine - Methadone to treat people just like Mark whom suffer from permantley damaged receptors in his brain He will require a lifetime of OUD-MAT treatment to ensure a healthy life and a chance to reenter

society, as well as contribute to it maintain a job, and a place in the community. The Plantiff wants to be treated for his OUD, assessed, physical exam, diagnosed, and treated on the MAT Program. The FCI Allenwood Medical staff continues to make excuse after excuse why they aren't treating their patients with the basic care, the standard care, and general basic procedures, formularies, and medications that everyday American citizens are given, MARK BASKNIGHT is not being treated the way the general public would be or given the basic care for his disability - disease. His disease is being left un-treated, unmedicated, and uncared for. No Doctor in America would say or do the things these FCI Allenwood medical staff are or are saying to or towards their patients. No doctor would ever treat there patients this way or use excuses as to why they aren't treating their patients or tell them other patient's suffering, symptoms, or disability is being prioritized over them because of some time frame. No specialist doctor (which is Dr. Bushman) for OUD would ever let a single patient leave their office without establishing a full treatment plan, schedule, or prescription medication being given because it's wrong, unsafe, and against what a doctor does whom treats OUD. Dr. Bushman is prioritizing prisoner whom are 90 days from release that have only been here at FCI Allenwood less then one year, when the plantiff has been waiting over a year and has been here over two years on the MAT waiting list. So those prisoners symptoms, disability is more important then MARK'S?

If FCI Allenwood can't treat and give MARK the needed care, treatment, or MAT his disability needs, send him to a out-side medical specialist whom can within a timely manner. If FCI Allenwood can't staff this prison with the needed medical staff to care for the Plaintiff and staff the Federally funded MAT Program release MARK to home confinement where he can get the basic and general level of needed medical care for himself. Stop allowing the FBOP and FCI Allenwood staff from violating his rights, civil liberties, and the deliberate indifference. The Plaintiff has a right to be in the MAT Program and on medication today because he is disabled with OUD. People 90 days from release are being given special treatment over MARK and his disability because the BOP and FCI Allenwood refuse to staff, train, and accomdate MARKs needs and right to participate in the program.

FBOP Clinical Guidelines OUD Aug. 2021

On page one of the Opioid Use Disorder: Diagnosis, Evaluation, and Treatment FBOP's Clinical Guidance states the threat the Plaintiff's life has because of OUD. OUD is a chronic, relapsing disease, with significant economic, personal, and public health consequences. In 2018, 2 million people in the U.S. had OUD. In 2019 70,630 Americans died from drug overdoses. The FBOP's provisional data from Dec. 2020 show that the rate of overdose deaths has increased by 29.4% since Dec. 2019 and the number of opioid related over-dose deaths has continued to climb through July 2021. OUD in prison population studies show that up to 65% of incarcerated

individuals meet the criteria for a substance abuse disorder but only a one-quarter of these have OUD. Also these studies show a much higher risk of death overdose in prisoners then the general population. Page one also goes on to state medications for OUD are appropriate, first-time treatment. It clearly states both methadone and buprenorphine (suboxone, sublocade) can reduce the symptoms of withdrawal and cravings without producing euphoria. As stated on page eleven through twelve. Medications for OUD: Determining which medication to use is based on past treatment history, current state of illness, and patient preference including a discussion of risks versus benefits between clinician and the patient. It does not state the doctor's preference, or the prison's preference. It clearly states 'patient preference' and then states 'including a discussion of risks versus benefits between the clincian and the patient'. At No time has Dr. Bushman or Nurse Trump had this discussion with the plaintiff. Page twelve, Medication Treatment Goals: There are no data to help predict which patient will respond best to methadone, buprenorphine, or naltrexone. The goals of treatment for all medications for OUD include:

- Minimizing harm from ongoing illicit opioid use
- sustained recovery with abstinence from other illicit substances
- reduce cravings or urge for illicit opioids
- promote engagement in recovery-oriented activities

Page Thirteen says, 'There is no "one size fits all" approach

to OUD treatment: when considering the best treatment, the provider should also review the inmate's medical history and baseline labs for contradiction to therapy. Nurse Trump and Dr. Bushman have failed to follow the DOJ's instructions, the FBOP's policy, and the OUD Clinical Guidelines. They also continually use the same technique for every inmate. Even though the guidelines state 'no one size fits all'. They both automatically offer one option to everyone and then blame it on funding, staff shortages, too many inmates on the MAT program at once, changes in policy, or that your not '90 days' from the door, or that no inmate is moved ahead of other inmates by requesting it, or that your not being denied treatment or participation in the program you are on the 'waiting list'. Yet after years pass by the plaintiff is still untreated, unmedicated, and on this 'waiting list'. Medical treatment is supposed to be in a timely manner, waiting over a year is not timely, waiting three months is not timely (timely means: done or occurring at a good or appropriate time. 2. Early; soon 3. in time; opportunely 4. coming early or at the right time). Waiting 30 days or more for medication is the same as being denied the treatment Mark needs for his disability.

MARK BASNIGHT just wants to be treated for his disorder. He'd like his disease treated with the urgency and seriousness it deserves. OUD is very serious and a life threatening

disease that can lead to overdose death or contracting a infectious disease by being forced to self medicate to seek relief from his disability, suffering, and disease. OUD is very serious and was declared a epidemic in America not long ago and the staff/administration at FCI Allenwood, FBOP leadership treat it with NO URGENCY. They treat the plaintiff and all others suffering with OUD with a stigmatized attitude constantly using stigmatizing terminology on a daily basis which effects how those trained to treat OUD, medical staff, and other BOP staff judge, look down upon the MAT Program. The staff thinks patients with OUD on MAT are just doing this to get high because they are "junkie's", "dope heads", "crackheads", etc. They really don't understand the suffering, pain, and horribleness of the disability Mark goes through every single day all day long with never finding relief, support, or help from the public servents whom job it is to do just that. Help him with recovery, re-entry, and serving his prison sentence in a safe place. This stigmatizing attitude and treatment shows the staff isn't trained, this prison can't treat Mark with standard needed medical care for his disability. He needs to be placed on the OUD/MAT Program FDA approved medications immediately for his own health, safety, well-being. This is a medical crisis how FCI Allenwood is interpreting the OUD Policy, Clinical Guidlines, and MAT treatment and the disability. Other prisons are treating hundreds of prisoners

with the same amount of staff as FCI Allenwood. Yet Dr. Bushman only places less then 60 people on MAT program here at the medium prison location - When it could be hundreds. Just like the other prisons whom are following the laws - policy regarding OUD/MAT treatment and Marks disability. It's the plaintiff's right to his preference of which medication to take of the 3 FDA approved during his treatment not the FBOP's. It states it in their BOP: OUD Clinical Guidelines.

<u>Violations of Plaintiff's rights, civil rights, constitutional rights</u>

Doctor Bushman, Nurse Trump, BOP staff, administration, and other medical staff at FCI Allenwood Medium Prison have kept the plaintiff from receiving treatment for his diagnosed OUD.

The BOP/Staff are deliberately indifferent for failing to provide adequate staff, qualified staff, and for maintaining policies that interfere with adequate medical care. They also fail to remedy unlawful conditions that they know about, (several BP-8, BP-9, BP-10 to Regional Director with 20 days of warden never responding to the previously submitted Administrative Remedy Requests and the BP-11 sent to the General Counsel Office after 30 days of never getting a response from the Regional Director's BP-10) These grievance's brought the issues forward so that no BOP staff can say they didn't know of all these issues, violations, and deliberate indifferences. So many prisoners here at FCI Allenwood are suffering with OUD and also are trying to gain the help of MAT treatment that we have rights to and the standard level of care that is law. <u>Greason v. Kemp</u>, 891 F.2d 829, 837-40 (11th Cir. 1990); <u>Anderson</u>

v. City of Atlanta, 778 F.2d 678, 686-87 (11th Cir. 1985); Miranda v. Munoz, 770 F.2d 255, 260-62 (1st Cir. 1985); McKenna v. Wright, 386 F.3d 432, 437 (2nd Cir. 2004); Brock v. Wright, 315 F.3d 158, 166 (2nd Cir. 2003); Boswell v. Sherburne County, 849 F.2d. 1117, 1123 (10th Cir. 1988).

BOP staff qoute cost savings measures as well here at FCI Allenwood Prison which is deliberate indifference and using that as a reason for why you can't treat the plaintiff is not based on medical decisions, Jones v. Johnson, 781 F. 2d 769, 771-72 (9th Cir. 1986) and fail to carry out their responsibilities to make adequate medical care available, Strickland v. Deleware Cnty., No. 21-CV-4141, 2022 WL 1157485, at *3 (ED. PA Apr. 19, 2022) (Defendants "failed to undertake any individualized review of Strickland's situation to determine whether he could be safely provided with his prescribed medical treatment, provided Strickland with adequate alternative treatment or othermise resonable accomdate his OUD.) MARK BASNIGHT the Plaintiff has OUD (opiate use disorder) and should be treated as such. Washington Prison in Mason County signed an agreement on Sept. 19, 2024 settling on allegations just like the plaintiffs. That the BOP is not complying (like Washington Prison wasn't) with the laws and the ADA / Rehabilitation Act, Section 504. FCI Allenwood is not in compliance and is failing to treat Opioid Use Disorder patients but mainly MARK and his complaint is the main focus here. FCI Allenwood is using discriminatory methods/actions (that they keep calling policy and guidelines) to pick and choose who gets MAT (medicine assisted treatment). Staff said "The new guidelines prioritize

inmates releasing within the next 90 days" and "You will be evaluated and processed according to those new guidelines"! What new guidelines? No where on the FBOP's website, DOJ website, or in the law library have new clinical guidelines been posted or any new policies regarding OUD, MAT, or Medical. Regardless the DOJ (Department of Justice) limits all policy/rules with time frames. The DOJ gave 45 days to train it's employee's in ADA policies in the settlement provisions, 30 days to train employees, and additionally required the prison (Washington Mason County) to keep a log file to provide copies of it every 180 days to the DOJ. The prison must also report all complaints regarding OUD medication within 14 days of the complaint. My point is the DOJ, FBOP, the law, policy, Congress have very clear time lines they must follow on all levels mentioned. The Plaintiff has been on this "waiting list" for OUD treatment for well over one year. At what point is this waiting list just a denial list? Inmates of Occoquan v. Barry, 717 F. Supp. 854, 867 (D.D.C 1989) Eigth Amendment violation found in part because inmate wait months for appointments to speciality treatment. Carty v. Farrelly, 957 F. Supp. 727, 737 (D.V.I. 1997) the prison failed to refer prisoners requiring medical care from an outside specialist to such provides also constitutes delsiberate indifference. At what point is the plaintiffs endless waiting just the same as a denial? Like Bureau Policy 1330 states that failure to respond may be considered by the inmate to be a denial. Thats after a short 30 days that inmates consider that denial. FCI Allenwood Staff is using a loop hole they've created

to avoid treating plaintiff for his OUD. They are not taking the plaintiffs health, life, safety, or well being into consideration. The medical staff and administration treat everyone on MAT or trying to get treatment like the plaintiff as if they are junkies seeking drugs to get high on. The staff is untrained or ignorant to the plaintiffs disability. The FCI Allenwood staff always make comments about suboxone, getting high, and that they have to many people on the MAT Program.

The Plaintiff and other inmates witnessed how they administer the MAT medicine and the number of actual people being treated. Less then 100 inmates are being treated out of about 1300 prisoners, 211 of them have OUD and should be being treated daily with MAT. These are the DOJ's "Opioid Epidemic By The Numbers" data statistics. Also information can be found regarding overdose-death on page one of the "Federal Bureau of Prisons Clinical Guidance" Manual August 2021, the most current updates for it can be found at this government website http://www.bop.gov/resources/health_care_mngmt.jsp

Dr. Bushman and Nurse Trump State due to a shortage of staff is why they must prioritize inmates 90 days from the door and this is also why the Plaintiff isn't being treated for OUD with MAT Program. This is unconstitutional. They are violating the plaintiff's constitutional rights. FCI Allenwood must provide and maintain adequate facilities for adequate health care. Morales Feliciano v. Rossello Gonzalez, 13 F. Supp 2d 151, 209, 211 (D.P.R. 1998) (citing failure to provide and

maintain adequate facilities and equipment necessary for adequate health care in finding of constitutional violation) King v. Frank, 328 F.Supp. 2d 940, 947-48 (W.D. Wis 2004) (complaint that the prisoner received no "mental health programming" and that there were not enough licensed mental health providers stated a claim; "Staff that are untrained or too few in numbers may contribute to Eigth Amendment violation.")

The rendering of medical services by unqualified personnel is deliberate indifference. Coleman v. Wilson, 912 F. Supp. 1282, 1307 (E.D. Cal 1995) (Proposal for "timely, responsible, and adequate care provided by qualifed (and appropiatley licensed) staff" was "not materially different from the constitutional requirement of ready access to comentant medical staff") FCI Allenwood is stigmatizing the entire MAT program with the harsh language, very negative attitude towards patient(s), and program in general causing very poor outlooks upon the life saving MAT Program by staff, FCI Allenwood is not treating or handling the plantiff or his issues in any type of timely or orderly fashion at all. The staff is being very irresponsible with the risk factor involved for the plaintiff's health, life, and disability. This is inadequate care. The plantiff does not have access to adequate staff or the MAT program. Once again this is a constitutional right of plaintiff to be able to access standard medical treatment. These constitutional violations are injuries to MARK BASNIGHT'S and his liberties-civil rights. Also a matter of Compensatory Damages for the harm for pain and suffering caused by the plantiff's right's being violated.

loss of liberty and the injuries to the quality of plaintiff's life, and failure to accommodate serious disability, suffering that the Plaintiff begged to be helped with. He pleaded for help over and over again while staff and the BOP did nothing but continue to allow injury to occur everyday. Pain that left and leaves him unable to move/functions), on a daily bases. All steming from deliberate indifference, and refusing the plaintiff medical treatment, and adequate care. Discrimnating against him because of his addiction (OUD) and refusing him the medications for MAT because staff is uneducated, untrained, and ignorant to OUD disability - disease and staff thinks people get high on a maintence medication, so the refuse to treat the prisoners with it until they are leaving the BOP for release. Directly violating his 8th Amendment, Section 504 guarantees that anyone qualified to participate in a program, service, or activity will have meaningful access to it when it is offered either by the federal government or by a state or local recipient of federal funds. Alexander v. Choate, 469 U.S. 287, 301, 105 S. Ct. 712, 720, 83 L. Ed. 2d 661, 672 (1985) (noting that Section 504 requires state and local governments receiving federal aid to provide "meaningful access to the benefit" they offer). Plaintiff seeks damages for pain and sufferings that result(ed) from denial of medical treatment and violating his civil liberties or constitutional rights in the amount of $400,000.00. Over two years of this unconstitutional law breaking occured to

him. Consolo v. George, 58 F.3d 791 (1st Cir. 1995) (affirming damages for pain and suffering resulting from denial of medical treatment) Love v. Westville Correctional Center, 103 F.3d 558, 559, 561 (7th Cir. 1996) (upholding award of $31,000.00 to quadriplegic prisoner held for a year and unable to use recreational, dining, and visiting facilities. and unable to participate in prison programs).

The FCI Allenwood Staff has:

1.) Ignored the need to treat the Plaintiffs medical needs with the seriousness it needs by treating him immeditley with MAT for his OUD.
2.) They have not treated him with MAT for his diagnosed conditions by placing him in a line or "waiting list", this is not treatment or even a timely solution.
3.) The plaintiff has informed the doctor, nurse, and administration of his diagnoses, needs, and disability yet they have failed to investigate enough to make an informed judgement. They never obtained prior medical records, diagnoses, or disability information.
4.) FCI Allenwood Staff has delayed the plaintiff's treatment with medication(s) by placing him on a list that priortizes other people whom are none disabled ahead of his disability.
5.) The staff is interfering with access to treatment by placing other inmates ahead of him after he's already been in line before them. The staff is continually placing other people "90 days" from release ahead of Plaintiff when the plaintiff was already in line. They keep bumping him back further and further. It's a way that allows the FCI Allenwood staff to manipulate who is treated and when by using the priortizing inmates 90 days from release.

6.) The FCI Allenwood Staff is making decisions based on non-medical factors. Nurse Trump states in his email the waiting list is because of being short on staff. This is not basing the decision on why not to treat Mark on a medical reason. This is a medical judgement call so bad it falls below professional medical standards.

Telling the Plaintiff he's on a waiting list, and over one year passes by without being treated or given your medicine you need. Keep a patient on a waiting list for organ transplant is understandable but for the treatment with a basic FDA common medication you can get anywhere is so unprofessional and below medical standards. That's like going to your family doctor and telling him your medical problems-symptoms. But then your family doctor says well I can't do anything because your on a waiting list for you medication that could take years because my other patients are a priority over you and your disability. This is such a violation of constitutional rights how Dr. Bushman just does what he please's. The Doctor is doing things his way, not the BOP's way (POLICY). The DOS created rules-laws for a reason not a option. Deliberate Indifference. The BOP, DOS, and Staff is allowing the plaintiff to go without necessary medical help for his disability. His needs are very serious and can result in death or overdose by trying to seek other means of treatment for his disease/disability. Does it take a death of a patient for OUD treatment to be given?

Mark has already been diagnosis with OUD. Any assessment by any other doctor or specialist will again result with the same diagnosis of OUD. Any doctor would percieve and judge the medical need as important and worthy of treatment. the condition the plaintiff faces daily is chronic and a substantial medical condition. The Plaintiffs chronic disease causes him to seek relief from the delibating pain and suffering daily for medication/drugs. This is why MAT was created to treat this very thing. The plaintiff being left untreated without buprnorphine (MAT) causes the seeking of relief from delibating pain and suffering daily from withdraw symptoms through the use of dangerous drugs to ease suffering(s). It also exposes him to other life threating situations like infectious disease's for one example, overdose for a second elample, from not being professionally treated by a specialist.

The plaintiff is just seeking treatment for his OUD just like other Americans whom suffer from the opioid epedemic. He needs relief from his suffering(s) (pain, cramping, sweats, chills, gastric issues, panic attacks, seizures, chest pains, night sweats, racing heart beat, emotional mood swings, unstable thoughts, brian fog, unbarable cravings for opiates and other type drugs, runny nose, watering eyes, fevers, trembling, thoughts of harming others from mood swings, anger) He seeks the MAT medication he used to take that worked. Suboxone. The Plaintiff is qualified under Section 504 of the Rehabilitation Act with his disability. He's been precluded from participating in the MAT Program (Medicine Assisted Treatment). Placing the plaintiff on a "waiting list" or in line for over a year, is the same thing as denial of treatment. All medical treatment is to

to be done in a timely fashion according to policy. The Plaintiff is unable to participate in the other federal programs as well (FSA = First Step Act Programs) because of his disability not being treated. It cause him to deal with and face all of the previous mentio-ed symptoms.

The plaintiff suffers from what would be considered some barable symptoms, side effects but he also faces and experiences delib-ating symptoms which when combined together leaves the plaintiff unable to communicate, socialize, focus, get around, function, get out of bed, sit up, comprehension very poor, unable to focus on reading or writing (basic level(s) of comprehension). Mark suffers from all of the other symptoms mentioned earlier in the complaint. This is all unnecessary suffering and pain that is easily relieved by one medication that is designed for the people whom suffer from OUD (opiate use disorder) - which comes in several forms suboxone, subutex tablets, also fast dissolving strips, and a once a month injection called sublacade 300MG. All designed to prevent someone suffering from OUD from overdosing and dieing, allows patient to function normally and feel normal, eliminates the cravings caused by OUD, it allows the patient to think clearly, the medication has many benefits. One very important thing is the medication stops the cravings to use illegal drugs or any drugs for that matter, the medication's can't be abused or used to get high or euphoria effect. The suboxone film strips dissolve in seconds of being placed under patients tongue which prevent medication diversion (cheeking), FCI Allenwood staff complains to many inmates are on MAT and it takes to long to administer the MAT meds, which makes no sense when the security of these meds is effective. They dissolve rapidly, prevent the patient from removing the medicine once placed into mouth.

However the staff at FCI Allenwood continue to make stigmatizing comments about the people on these medication referring that they are just on the MAT program and meds to get high. On page one, Last paragraph of the FBOP Clinical Guidance Aug. 2021 clearly states "buprenorphine can reduce the symptoms of withdrawal and cravings without producing euphoria". Yet the staff here at FCI Allenwood act and treat people on MAT like they are junkies and trying to just get high. The Staff doesn't want to treat the Plaintiff or any of the inmates here with MAT. Dr. Bushman recently said to a group of MAT patients "I'm trying to make the MAT program for prisoners that have 90 days or less until release and stop treating all others moving forward. McMillen v. Wetzel, No. 20-CV-192, 2021 WL 5088069, at *7 (W.D. Pa. Sept. 22, 2021) (finding that denial of MAT "resulted from [the Plaintiff] disability because Defendants allegedly refused treatment for his OUD based on Ignorance of the disorder"). (OUD is a mental disorder. Addiction is a mental disorder. The DOJ (Department Of Justice) clearly states: "Substance use is a brain disorder." page Three of FBOP Clinical Guidlines. Mental health care is a to the same constitutional Standard as other forms of prison medical care: deliberate indifference to serious mental health needs is a violation of the Eighth Amendment).

Dr. Bushman is not following policy, which means he's breaking the rules, which means he's violating the law, which means he should be held responsible for this, possibly lose his medical license. They forge medical records and test results. Certainly a HIPPA violation for manipulating medical records. If criminal charges need be filed that as well. Dr. Bushman has created a loop hole to delay, deny, and manipulate MAT Treatment for the Plaintiff and other prisoners.

Dr. Bushman, Nurse Comp, and staff place you on a "waiting list" and then continue to move you futher back on this waiting list so you never get to a place where you can recieve treatment of MAT until your 90 days within your release date no matter what happens or how many people are on the program. If we looked at the medical logs of the number of patients on MAT for 2023-2025 every month we could see that FCI Allenwood is manipulating the MAT Program to not treat people, whom could have been being treated that are on that "waiting list".

The plaintiff has opioid use disorder and has asked repeatedly for help and treatment. The staff has denied him access to MAT for non medical reasons, staff has failed to reasonably address his opioid use disorder. FCI Allenwood Staff has intentionally excluded plaintiff from participation in the MAT Program or provided any acceptable altenative treatment or help. He was effectively treated with suboxone 16 mg daily prior to incarceration with FBOP. Plaintiff attended a MAT Treatment Center with regular counseling service for OUD. Other attempts at treating his OUD were unsuccessful which lead to the MAT Program attempt previously (Rehab, counseling, therapy, NA all ineffective for plaintiff).

The court has jurisdiction. The plaintiff has exhausted the entire FCI Allenwood and FBOP's grievence process to the best of his ability of that are available. All attempts were made even when the administrative remedy wasn't available and it operates as a simple dead end with officers unable or consistently unwilling to provide any relief to aggrieved inmates. Woodford v. Ngo 548 U.S. 81, 93, 126 S. Ct. 2378, 165 L. Ed. 2d. 368 (2006); Ross v. Blake 136 S. Ct. 1850, 1859, 195 L. Ed. 2d. 117 (2016) and because pursuant to 28 C.F.R

542.18 "a non-response on an administrative remedy should be construed as a denial of said remedy" Jan. 31 2019 {815 Fed Appx. 631} Report & Recommendation 11 n. 9. See Shifflett v. Korszniak, 934 F. 3d 356, 365 (3d Cir. 2019) ("[A]s soon as a prison fails to respond to a properly submitted grievance or appeal within the {2020 U.S. App. LEXIS 7} time limits prescribed by it's own policies, it has made it's administrative remedies unavailable and the prisoner has fully discharged the PLRA's exhaustion requirement." Robinson v. Superintendent Rockview SCI, 831 F. 3d 148, 154 (3d Cir. 2016) administration, prison failed to respond to an informal review request that was a prerequisite to his ability to file a grievance" (citing Foulk v. Charrier, 262 F. 3d 687, 698 (8th Cir. 2001). Plaintiff filed informal attempt, then 30 days later a BP-8. Neither of these received a response so the plaintiff continued to file BP-9, etc. exhausting the system to the best of his ability while in a full Lock Down occured with no access to staff, administration, computers, library, etc. Boyd v. Corr. Corp. of Am., 380 F. 3d 989, 996 (6th Cir. 2004) (holding that "administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance."); Lewis v. Washington, 300 F. 3d 829, 833 (7th Cir. 2003) (non-response made remedy unavailable'); Moro v. Winsor, 2008 WL 718687, *4-5 (S.D. Ill., Mar. 14, 2008) (holding remedy unavailable to prisoner whose appeal was untimely because he could not get a timely answer at the first level in a system that required a response in order to continue the process)

The Plaintiff not only tried once and made reasonable attempts to file grievances but a second and third attempt with no replies at all to his filed and mailed forms. Lane v. Doan, 207 F. Supp. 2d 212 (W.D.N.Y. 2003) (prisoner who made "reasonable attempts" to file and prosecute grievances, but had many of his grievances and inquiries ignored, had exhausted) Jones v. Bock, 549 U.S. 199, 218, 127 S. Ct. 910 (2007) ("Compliance with prison grievance procedures.... is all that is required by the PLRA to properly exhaust.") Plaintiff was also informed that his matter couldn't be grieved because the program decisions are final and he must file a civil complaint. Regardless this (these) issues have been brought up in informal attempts and grievances. FCI Allenwood Staff gave plaintiff the run around on receiving a copy of his grievances he submitted during full LockDown. Defendants making a remedy available after the complaint has been filed in court doesn't mean the Plaintiff has to attempt to reexhaust. Plaintiff exhausted anyway in all circumstances.

Plaintiff request FCI Allenwood make available budget for MAT. The money allocated for MAT programming. The number of prisoner on the program at FCI Allenwood MEDIUM location (not entire complex). Number of staff used. How the prison distributes MAT. The maxium number of people Dr. Bushman is allowed to treat on MAT at one time each day.

Plaintiff would like to obtain discovery on stated items.

For all of these reasons and violations of the MARK BASNIGHT he is entitled to relief. Plantiff request full payment of request amount of damages.

Plantiff request to be treated with the medication(s) that work for him. (Buprenorphine aka. suboxone or sublocade injection)

Plantiff request an investigation to be carried out on Dr. Bushman, RN Nurse Trump, and all others involved in MAT, OUD Treatments.

Plantiff request all staff to be properly trained about MAT and staff so they stop abusing inmates and disabled people like the Plantiff.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the Foregoing is true and correct.

August 21, 2025

[signature]

Mark Basnight
40873-424
FCI Allenwood Medium
P.O. Box 2000
White Deer, PA 17887

NO PHONE or EMAIL

8/25/25

To: Peter J. Welsh, Clerk of Court
P.O. Box 1148
235 N. Washington Ave.
Scranton, PA 18501

CaseNo: Case Number: 3:25-cv-00919-JFS-SA

From: Mark Basnight 40873-424
SPECIAL MAIL-OPEN ONLY IN PRESENCE OF INMATE
FCI-Allenwood Medium
P.O. Box 2000
White Deer,PA 17887

Memo: Amended Complaint

Dear Honorable Judge + Clerk of Courts

Thank you for granting me an extension of time for Amending my complaint. Enclosed is my Amended complaint. I apologize for delay's. FCI Allenwood Medium Prison has had us locked down most of all of August and the library has been totally closed with no access to legal computers, copier, or writing materials.

I have been unable to obtain a copy of this complaint i've sent you but need to get it mailed ASAP to be sure it arrives on time. So please I request could you photo copy this and mail me back a copy. I can't access any photo copiers at all, and really would like a copy.

Thank You

Pro Se: Mark Basnight

40873-424

MARK BASNIGHT

From:
INMATE MARK BASNIGHT
REG. No. 40873-424
FCI Allenwood Medium
P.O. Box 2000
White Deer, PA 17887




Retail

UNITED STATES POSTAL SERVICE

RDC 99

To:
William J. Nealon U.S. Courthouse
P.O. Box 1148
235 North Washington Avenue
Scranton, PA 18501

RECEIVED
SCRANTON
SEP 08 2025
PER [signature]
DEPUTY CLERK

USMS X-RAY